**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br>JAMIESON CAPEX FUND, LLC,<br>　　　　　　　　　　　　Debtor. | **Bankruptcy No.: 24-30422**<br><br>**Chapter 11** |
| JAMIESON CAPEX FUND, LLC,<br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br>KAREN J. TYLER, in her official capacity, as the Securities Commissioner of the North Dakota Department of Securities[1],<br>and<br>THE STATE OF NORTH DAKOTA,<br>　　　　　　　　　　　　Defendants. | **Adversary No. 24-07030** |

**ANSWER TO COMPLAINT FOR TURNOVER OF PROPERTY AND ECONOMIC DAMAGES**

**1.** Timothy Karsky, in his official capacity as the Securities Commissioner of the North Dakota Department of Securities ("Commissioner Karsky") and the State of North Dakota ("North Dakota") (collectively "Defendants") by and through the undersigned counsel submit this answer to Jamieson CAPEX Fund, LLC's, ("Debtor," "CAPEX", or "Plaintiff") Complaint for Turnover of Property and Economic Damages ("Adversary Complaint").

**INTRODUCTION**

**2.** For their answer to Debtor's Adversary Complaint, Defendants state and allege as follows:

**3.** Each and every allegation of the Adversary Complaint is denied except those that are specially admitted.

---

[1] Commissioner Karen J. Tyler completed her term as Securities Commissioner of the North Dakota Securities Department on or about December 15, 2024. Commissioner Timothy Karsky became the Securities Commissioner of the North Dakota Securities Department on or about December 16, 2024.

1

4. As to the allegations in Paragraph 1 of the Adversary Complaint, no response is required.

5. As to the allegations in Paragraph 2 of the Adversary Complaint, Defendants deny.

6. As to the allegations in Paragraph 3 of the Adversary Complaint, Defendants have insufficient information to admit or deny the allegations contained therein and therefore deny.

7. As to the allegations in Paragraph 4 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that the allegations require a response, Defendants deny.

8. As to the allegations in Paragraph 5 of the Adversary Complaint, no response is required.

9. As to the allegations in Paragraph 6 of the Adversary Complaint, Defendants have insufficient information to admit or deny the allegations contained therein, but have no reason at this point to believe they are false.

10. As to the allegations in Paragraph 7 of the Adversary Complaint, Commissioner Karsky admits the allegations about Commissioner Tyler's role and appointment date by Governor Burgum but was appointed previously by two other governors. As noted above, Commissioner Tyler no longer serves in this role. For the remaining allegations, the allegations state legal conclusions for which no response is required.

11. As to the allegations in Paragraph 8 of the Adversary Complaint, North Dakota admits.

12. As to the allegations in Paragraph 9 of the Adversary Complaint, Defendants deny the allegations of jurisdiction. As any remaining allegations state legal conclusions, no response is required.

13. As to the allegations in Paragraph 10 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent a response is required, Defendants deny.

14. As to the allegations in Paragraph 11 of the Adversary Complaint, Defendants admit.

15. As to the allegations in Paragraph 12 of the Adversary Complaint, Defendants have insufficient information to admit or deny the allegations therein.

16. As to the allegations in Paragraph 13 of the Adversary Complaint, the Defendants state the administrative orders, including those with Jamieson Capital Financial, LLC, a North Dakota limited liability company, and Jeremy L. Carlson, best reflect their own content. Defendants otherwise deny.

17. As to the allegations in Paragraph 14 of the Adversary Complaint, Defendants assert that the allegations are not made for a proper purpose and are not appropriately included in the Adversary Complaint, and therefore no response is required. To the extent that a response is required, Defendants deny.

18. As to the allegations in Paragraph 15 of the Adversary Complaint, Defendants deny.

19. As to the allegations in Paragraph 16 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

20. As to the allegations in Paragraph 17 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

21. As to the allegations in Paragraph 18 of the Adversary Complaint, Defendants admit they have learned about the commencement of the Debtor's bankruptcy case.

**22.** As to the allegations in Paragraph 19 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

### Count I – Turnover (11 U.S.C. § 542)

**23.** As to the re-allegations contained in Paragraph 20 of the Adversary Complaint, Defendants reassert their responses and denials as if fully set forth herein.

**24.** As to the allegations in Paragraph 21 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

**25.** As to the allegations in Paragraph 22 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

**26.** As to the allegations in Paragraph 23 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

### Count II – Fraudulent Conveyance (11 U.S.C. § 548)

**27.** As to the re-allegations contained in Paragraph 24 of the Adversary Complaint, Defendants reassert their responses and denials as if fully set forth herein.

**28.** As to the allegations in Paragraph 25 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

**29.** As to the allegations contained in Paragraph 26 of the Adversary Complaint, Defendants have insufficient information to admit or deny the allegations contained therein. To the extent that a response is necessary, Defendants deny.

30. As to the allegations contained in Paragraph 27 of the Adversary Complaint, Defendants have insufficient information to admit or deny the allegations contained therein. To the extent that a response is necessary, Defendants deny.

31. As to the allegations contained in Paragraph 28 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants have insufficient information to admit or deny the allegations contained therein, but assert that the Debtor likely had other avenues or options available to it to avoid the claimed loss.

### Count III – Fraudulent Conveyance (11 U.S.C. § 544; N.D.C.C. § 13-02.1-04)

32. As to the re-allegations contained in Paragraph 29 of the Adversary Complaint, Defendants reassert their responses and denials as if fully set forth herein.

33. As to the allegations in Paragraph 30 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants deny.

34. As to the allegations contained in Paragraph 31 of the Adversary Complaint, Defendants have insufficient information to admit or deny the allegations contained therein. To the extent that a response is necessary, Defendants deny.

35. As to the allegations contained in Paragraph 32 of the Adversary Complaint, the allegations state legal conclusions for which no response is required. To the extent that a response is required, Defendants have insufficient information to admit or deny the allegations contained therein, but assert that the Debtor likely had other avenues or options available to it to avoid the claimed loss.

**Affirmative Defenses**

36. Defendants, for an affirmative defense, allege Plaintiff's claims are barred in whole or in part by sovereign immunity.

37. Defendants, for an affirmative defense, allege Plaintiff's claims are barred by any other forms of immunity.

38. Defendants, for an affirmative defense, allege that Karen Tyler is no longer the Commissioner of the North Dakota Securities Department.

39. Defendants, for an affirmative defense, allege Plaintiff lacks authority to pursue the stated claims of entities that are separate from the Plaintiff.

40. Defendants, for an affirmative defense, allege Plaintiff has failed to state a claim, in whole or in part, for which relief can be granted.

41. Defendants, for an affirmative defense, allege Plaintiff failed to join certain persons or entities to this action, as is required.

42. Defendants, for an affirmative defense, allege Plaintiff insufficiency of service.

43. Defendants, for an affirmative defense, allege Debtor lacks standing to pursue any or all the counts.

44. Defendants, for an affirmative defense, allege any money as referenced in Debtor's claim was not property of the estate and/or an interest of the Debtor in property.

45. Defendants, for an affirmative defense, allege that if any property of the estate was transferred, Defendants acted in good faith and had neither actual notice nor actual knowledge.

46. Defendants, for an affirmative defense, allege the Debtor had no legal or equitable interest in the money as of the commencement of the case.

47. Defendants, for an affirmative defense, allege the money at issue is subject to setoff, settlement and/or recoupment for any indebtedness due by the Debtor, related persons and/or

entities, including Jeremy L. Carlson, Jamieson Capital Financial, LLC, to North Dakota and/or other persons or entities against such liability.

48. Defendants, for an affirmative defense, allege they lack possession, custody, or control of all or a certain portion of the funds addressed in the claims at the time of this proceeding.

49. Defendants, for an affirmative defense, allege the any money is not property that a trustee and/or debtor-in-possession can use, sell, or lease or that a Debtor can exempt.

50. Defendants, as an affirmative defense, allege Defendants do not owe a debt to the Debtor that is property of the estate and is matured, payable on demand, or payable on order.

51. Defendants, as an affirmative defense, allege any money has a disputed title and/or is not matured.

52. Defendants, for an affirmative defense, allege any fraudulent transfer and/or fraudulent conveyance is outside the claw back period, look back period, or statute of limitations.

53. Defendants, for an affirmative defense, allege any punitive damages are not allowed.

54. Defendants, for an affirmative defense, allege there was no transfer.

55. Defendants, for an affirmative defense, allege there was no transfer of an interest in the Debtor in property for some or all the money.

56. Defendants, for an affirmative defense, allege any transfer was not intended to delay, hinder, or defraud creditors.

57. Defendants, for an affirmative defense, allege that any money transfers were to an immediate or mediate good faith transferee of a transferee.

58. Defendants, for an affirmative defense, allege that they took any transfer in good faith and in exchange for value.

59. Defendants, for an affirmative defense, allege any transfer receives special treatment as a financial intermediary.

7

60. Defendants, for an affirmative defense, allege that the claimed transfers are subject to various orders issued by the North Dakota Securities Commission and other areas of securities law.

61. Defendants, for an affirmative defense, allege Plaintiff has not pleaded and cannot prove that an unsecured creditor exists that could avoid any of the transactions.

62. Defendants, for an affirmative defense, allege Defendants had the statutory authority to collect all fees, civil penalties, or other moneys and place any money in the investor restitution fund pursuant N.D.C.C. § 10-04-03(5).

63. Defendants, for an affirmative defense, allege that Plaintiff, its related entities, its related affiliates and/or agents violated North Dakota Securities law under North Dakota Century Code Chapter 10-04.

64. Defendants, for an affirmative defense, allege that as a sale or contract made in violation of North Dakota Securities Law in Chapter 10-04 or any rule or order issued by the commissioner under Chapter 10-04 was voidable at the election of the purchaser.

65. Defendants, for an affirmative defense, allege consideration was given or provided as noted in the Administrative Consent Orders.

66. Defendants, for an affirmative defense, allege lack of jurisdiction.

67. Defendants, for an affirmative defense, allege release.

68. Defendants, for an affirmative defense, allege accord and satisfaction.

69. Defendants, for an affirmative defense, allege equitable estoppel.

70. Defendants, for an affirmative defense, allege waiver.

71. Defendants, for an affirmative defense, allege laches.

72. Defendants, for an affirmative defense, allege that Plaintiff has failed to plead fraud with particularity.

73. Defendants, for an affirmative defense, state Defendants do not consent to the entry of a final order or judgment by the bankruptcy judge as to all the claims in the Adversary Complaint.

74. Defendants reserve the right to amend their answer to assert additional affirmative defenses at such time and to such an extent as warranted by discovery and as facts are developed in this case.

75. **WHEREFORE,** Defendants hereby request that the Court enter judgment as follows:

   a. That Plaintiff's Complaint be dismissed against Defendants in its entirety with prejudice;

   b. Defendants be awarded their attorneys' fees, costs and disbursements; and

   c. For such other and further relief as the court deems just and equitable.

Dated: December 19, 2024

*/s/Berly D. Nelson*
Berly D. Nelson (ND #05903)
Ana A. Neir (ND #09142)
Special Assistant Attorney Generals
10 Roberts Street North
Fargo, ND 58102-4982
Phone: 701.232.8957
Fax: 701.237.4049
bnelson@serklandlaw.com
aneir@serklandlaw.com
***Attorneys for the Commissioner of the North Dakota Securities Department and the State of North Dakota***